# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE TIMOTHY C. STANCEU, CHIEF JUDGE
## THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
## THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| J. Conrad LTD<br><br>    Plaintiff,<br><br>                    v.<br><br>The United States *et al*.,<br><br>    Defendants. | Ct. No. 20-00052 |

| | |
|---|---|
| Metropolitan Staple Corp.<br><br>    Plaintiff,<br><br>                    v.<br><br>The United States *et al*.,<br><br>    Defendants. | Ct. No. 20-00053 |

### CONSENT MOTION TO AMEND THE STAY

Jeffrey S. Neeley
Nithya Nagarajan

HUSCH BLACKWELL, LLP
750 17th St., NW, Suite 900
Washington, DC 20006
(202) 378 – 2357
(202) 378 – 2408

July 13, 2023

**TABLE OF CONTENTS**

I.       **BACKGROUND** ..........................................................................................................1

II.     **LEGAL STANDARD** ...............................................................................................2

III.    **ARGUMENT** ............................................................................................................3

       A.    **A Stay Will Not Harm Any of the Involved Parties** .........................................3

       B.    **A Stay Will Advance This Action in an Efficient Manner That Conserves the Resources of the Court and the Parties** ...........................................................4

IV.    **CONSENT OF THE PARTIES**............................................................................4

V.     **CONCLUSION** .......................................................................................................5

# TABLE OF AUTHORITIES

## Cases

*Am. Life Ins. Co. v. Stewart*, 300 US 203, 215 (1937) .........................................................................2

*An Giang Agri. and Food Import Export Co. v. United States*, 28 C.I.T. 1671, F. Supp.2d 1162, 1165 (2004) ........................................................................................................................................3, 4

*Elkhem Metals Co. v. United States*, 31 C.I.T. 672, 676 (2007) .........................................................4

*Georgetown Steel Co. v. United States*, 27 CIT 550, 59 F. Supp. 2d 1344, (2003)………………..2

*Jiaxing Brother Fastener Co. v. United States*, 179 F. Supp. 3d 1156 (Ct. Int'l Trade 2016) ..............3

*JTEKT Corp. v. United States*, 36 C.I.T. 832, 836 (2012) ................................................................2, 3

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) .................................................................................2

*Old Republic Ins. Co. v. United States*, 9 CIT 190, 192 (1985) ..........................................................2

*PrimeSource Bldg. Prod., Inc. v. United States*, 59 F.4th 1255 (Fed. Cir. 2023) .................................1

*SKF USA Inc. v. United States*, 36 C.I.T. 842, 845 – 846 (2012) .........................................................3

*Tak Fat Trading Co. v. United States*, 24 C.I.T. 1376, 1376-77 (2005) ...............................................2

*Tembec, Inc. v. United States*, 29 C.I.T. 656 (2005) ...........................................................................2

*Transpacific Steel LLC v. United States*, 474 F. Supp.3d 1332, 1337 (Ct. Int'l Trade 2020) ..............3

## CONSENT MOTION TO AMEND THE STAY

Plaintiffs respectfully move for an order amending the current stay in these actions.

Plaintiffs request that the stay be continued until 30 days after there is a final disposition of the

consolidated appeals in *PrimeSource Building Products, Inc. v. United States*, CAFC Appeal No.

2021-2066, litigation that could render moot the need for any further proceedings in this matter.

While the mandate in that case has been issued by the Federal Circuit*,* that decision is still appealable

to the U.S. Supreme Court and it is Plaintiffs understanding that such an appeal is being considered

by the parties. In lieu of a Joint Status Report, Plaintiffs hereby motion for an amendment to the

existing stay in this case.  All parties have consented to this motion.

### I.      BACKGROUND

On April 30, 2021, this Court stayed the above-captioned appeals pending the outcome of the

appeal to the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *Transpacific Steel*

*LLC et al v. United States et al*, Ct. No. 2020-2157.   On March 28, 2022, the U.S. Supreme Court

denied the petition for a writ of certiorari in *Transpacific.* As a result, the decision of the Federal

Circuit became final.  On April 18, 2022, this Court continued the stay until 30 days after the

issuance of the mandate by the U.S. Court of Appeals for the Federal Circuit in the consolidated

appeals in *PrimeSource Building Products, Inc. v. United States*, CAFC Appeal No. 2021-2066.  The

Court also ordered the Parties to file a Joint Status Report within 30 days after the issuance of the

mandate by the Federal Circuit.

On February 7, 2023, the Federal Circuit issued its decision reversing the decision of this Court.

*PrimeSource Bldg. Prod., Inc. v. United States*, 59 F.4th 1255 (Fed. Cir. 2023). The Federal Circuit

held that the statutory deadlines did not prevent the President from modifying his initial timely

adopted plan of action by issuing Proclamation 9980, and that conclusion does not render § 232

1

unconstitutional under the delegation doctrine. The Federal Circuit remanded the case to this Court

for the entry of judgment against PrimeSource and Oman Fasteners, including the dismissal of the

claims against the President.  On July 5, 2023, the Federal Circuit issued the mandate.


## II.     LEGAL STANDARD

!

The legal framework for the Court to grant a stay is well established. A decision to grant a stay is

"incidental to the power inherent in every court to control the disposition of the causes on its docket

with economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American*

*Co.*, 299 U.S. 248, 254 (1936). The Court "has discretion to stay its own proceedings."  *Tembec, Inc.*

*v. United States*, 29 C.I.T. 656 (2005) (*citing Tak Fat Trading Co. v. United States*, 24 C.I.T. 1376,

1376-77 (2005).  This Court "possesses the inherent authority to stay cases pending on its docket in

order to promote efficient judicial administration." *Old Republic Ins. Co. v. United States*, 9 CIT 190,

192 (1985). A case may properly be stayed pending the outcome of another case which will settle

and simplify the issues in the case to be stayed. *Am. Life Ins. Co. v. Stewart*, 300 US 203, 215 (1937)

("In the exercise of a sound discretion {a court} may hold one lawsuit in abeyance to abide the

outcome of another, especially where the parties and the issues are the same.").

To determine whether a stay is appropriate, the Court should balance the interests of the

moving and non-moving parties as well as interests of the court. *See Georgetown Steel Co. v.*

*United States*, 27 CIT 550, 552-53, 59 F. Supp. 2d 1344, 1346-47 (2003). A party seeking a stay

bears the burden of showing "a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to

someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis supplied); see also

*JTEKT Corp. v. United States*, 36 C.I.T. 832, 836 (2012) (clarifying that "a clear case of hardship or

inequity in being required to go forward" is not required absent potential damage to other parties).

2

### III.   ARGUMENT

#### A.  A Stay Will Not Harm Any of the Involved Parties

In this case, no harm will result from the Court continuing the stay in this matter.  The court has repeatedly emphasized that "vague and generalized" potential harm is not enough to overcome a motion to stay. *An Giang Agri. and Food Import Export Co. v. United States*, 28 C.I.T. 1671, F. Supp.2d 1162, 1165 (2004); *see also SKF USA Inc. v. United States*, 36 C.I.T. 842, 845–846 (2012) (granting plaintiff's motion to stay pending a decision from the Court of Appeals Federal Circuit) ("The stay sought by the plaintiffs challenging zeroing is warranted, as it will serve the dual interests of judicial economy and conservation of the parties' resources. No showing of harm resulting from the proposed stay has been made"), *JTEKT Corp. v. United States*, 36 C.I.T. 832, 836 (2012) (granting plaintiff's motion to stay pending a decision from the Court of Appeals Federal Circuit) ("The court fails to see what harm would accrue to defendant should the stay be ordered. In opposing the motion, defendant fails to identify any such harm. Nor does the court see any prospect that defendant-intervenor would be harmed by the proposed stay."); *compare Transpacific Steel LLC v. United States*, 474 F. Supp.3d 1332, 1337 (Ct. Int'l Trade 2020) (denying a motion to stay due to the likelihood of injury to plaintiff by way of delay of refunds of unlawfully obtained duties).

In *Jiaxing*, Commerce, in opposing the stay, was unable to show that "the proposed stay 'would severely affect the rights of others…'" and therefore, plaintiff was "not required to 'make a strong showing of necessity' for the stay." *Jiaxing Brother Fastener Co. v. United States*, 179 F. Supp. 3d 1156 (Ct. Int'l Trade 2016).  The Court found that plaintiff had "made out a clear case that, *at least to some extent*, a stay [would] conserve the resources of all concerned (including the court), and that it is at least possible that the stay [would] result in very significant savings." *Id*. (emphasis added). Here, Plaintiffs are similarly not required to make a strong showing of necessity because there is no known potential harm to Defendant, which has consented to this motion. In other words, maintaining

the status quo will not harm any of the parties involved.

    B.  <u>A Stay Will Advance This Action in an Efficient Manner That Conserves the Resources of the Court and the Parties</u>

The interests of judicial economy and economy of resources for the parties strongly favors staying this action. This Court and all parties will save significant resources if this case is stayed until all opportunities to appeal has been exhausted or a final decision is issued by the U.S. Supreme Court in the *Primesource* appeals.  The Court has considered the parallel aspect of proceedings when deciding if a motion to stay is appropriate. *Elkhem Metals Co. v. United States*, 31 C.I.T. 672, 676 (2007); *see also An Giang Agri. Food and Import Export*, 28 C.I.T. 1671, 350 F. Supp.2d 1162, 1163 (2004) (explaining that a stay will "streamline and clarify the issues" due to the similar nature of the cases).  In *Elkhem*, the plaintiffs moved for a motion for judgment on the agency record, or in the alternative, a stay of proceedings pending the outcome of a similar case. (31 C.I.T. at 672, explaining that the two cases were intertwined to the extent that the outcome of one had the potential to negate the other). The court held a stay was warranted "due to the parallel proceedings" and that the action "[would be stayed until final judgment of the parallel case.]" *Id*. at 676.  A continuation of the stay in this matter will merely postpone further proceedings.

## IV.    CONSENT OF THE PARTIES

In accordance with Rule 7 of the Rules of the Court of International Trade, Plaintiffs have consulted with counsel for Defendant, the only other party to this action.  On July 7, 2023, Kyle Beckrich, U.S Department of Justice, consented to this motion.

4

## V.       CONCLUSION

For the reasons explained above, Plaintiffs hereby request that the Court grant this Motion to Amend the Stay and continue to stay these appeals until 30 days after all opportunities to appeal has been exhausted or a final decision is issued by the U.S. Supreme Court in *PrimeSource Building Products, Inc. v. United States.*

Respectfully submitted,

HUSCH BLACKWELL, LLP

Dated: July 13, 2023

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Nithya Nagarajan

*Counsel to J. Conrad LTD
and Metropolitan Staple
Corp.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(2), the undersigned certifies that this motion complies with the word limitation requirement.  The word count for this submission, as computed by Husch Blackwell's word processing system Microsoft Word, is 1428 words.

/s/ Jeffrey S. Neeley
Jeffrey S. Neeley
Husch Blackwell LLP

1